**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOE HUBER LEWIS, | Case No. 2:26-cv-03539-MAR |
| Plaintiff, | *Hon. Mag. Judge Margo A. Rocconi* |
| v. | **JOINT RULE 26(f) REPORT** |
| CITY OF LOS ANGELES; and DOES 1 through 10, inclusive, | Scheduling Conference:<br>Date:   June 3, 2026<br>Time:  11:00 a.m.<br>Crtrm: Telephonic (via dial-in) |
| Defendants. | **Complaint (with Demand for Jury Trial) Filed**: April 2, 2026<br>**Answer Filed**: May 1, 2026<br>**Trial (Proposed)**: May 24, 2027 |

1

JOINT RULE 26(f) REPORT

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's May 4, 2026, Order Setting Telephonic Scheduling Conference [Dkt. 10], the early meeting of counsel has been conducted between counsel for Plaintiff and counsel for Defendant City of Los Angeles. The early meeting of counsel took place via telephone on May 15, 2026, and was attended by Benjamin Levine of the Law Offices of Dale K. Galipo, counsel for Plaintiff, and Sasha O. Lazarevich of the Los Angeles Office of the City Attorney, counsel for Defendant City of Los Angeles.

The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

**(a)**    **<u>Statement of the Case</u>**

<u>Plaintiff's Summary</u>: Plaintiff alleges that, in the early hours of June 10, 2025, Plaintiff was walking home in downtown Los Angeles, having briefly left to purchase a soft drink, when she encountered a line of Los Angeles Police Department ("LAPD") officers blocking a street, following earlier public protests. Plaintiff—a young, visibly unarmed woman who had committed no crime—slowly approached the officers to calmly ask whether and when the area would be reopened. In response, one or more of the LAPD officers aimed less-lethal projectile launcher weapons at Plaintiff, before at least one of the officers fired a round at Plaintiff's abdomen from a distance of approximately 15-20 feet. Plaintiff slowly walked away in pain and suffered long-lasting and potentially permanent injuries as a result of this use of force against her.

As a result of these allegations, Plaintiff brings causes of action under 42 U.S.C. § 1983 against the individual officer Defendants—whose identities are currently unknown to Plaintiff—for excessive force, denial of medical care, and retaliation. Plaintiff also brings *Monell* claims against the City of Los Angeles for

unconstitutional custom, practice, or policy, failure to train, and ratification. Plaintiff also brings claims under California law for battery, negligence, and violation of the Bane Act, Civ. Code § 52.1.

Defendant's Summary:

Defendant denies Plaintiff's characterization of the events and contends that the actions of City employees and/or officers were lawful, reasonable, justified, and undertaken in good faith under the circumstances then presented, including rapidly evolving public safety conditions in downtown Los Angeles following protest-related activity. Defendant further contends that Plaintiff's alleged injuries and damages, if any, were caused in whole or in part by factors other than any wrongful conduct by the City or its employees. Defendant denies the existence of any unconstitutional policy, custom, practice, failure to train, ratification, or other basis for municipal liability, and disputes Plaintiff's entitlement to the relief sought under federal or state law. Discovery and investigation remain ongoing, and Defendant reserves the right to supplement or amend its position as additional facts become known.

**(b)    Subject Matter Jurisdiction**

Plaintiff has filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiff's claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

**(c)    Legal Issues**

1. Whether the individual Defendants used excessive force against Plaintiff;
2. Whether the individual Defendants denied timely medical care to Plaintiff;

3. Whether the individual Defendants unlawfully retaliated against Plaintiff for her protected speech and/or perceived participation in protected public assembly;

4. Whether the City of Los Angeles maintained one or more unlawful customs, practices, or policies that were a moving force behind the constitutional violation(s) alleged;

5. Whether the City of Los Angeles improperly failed to train its officers, and whether that failure to train was a moving force behind the constitutional violation(s) alleged;

6. Whether one or more City of Los Angeles officials who possessed final policymaking authority ratified the individual Defendants' actions and the reasons for them;

7. Whether the individual Defendants were negligent toward Plaintiff;

8. Whether the individual Defendants violated the Bane Act;

9. The nature and scope of Plaintiff's damages; and

10. Whether Plaintiff is entitled to punitive damages.

**(d)** **Parties, Evidence, etc.**

*Parties*: The parties are Plaintiff Zoe Huber Lewis, and Defendants City of Los Angeles and Does 1-10.

*Witnesses*: The percipient witnesses include the LAPD officials and personnel present at the scene of the incident, medical professionals who attended to Plaintiff, and any civilian witnesses. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiff's damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

*Key Documents Plaintiff May Use*: The key documents will include LAPD records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

JOINT RULE 26(f) REPORT

*Key Documents Defendant May Use*: Defendant may rely upon body-worn video footage, incident reports, relevant LAPD policies and training materials, protest-related operational materials, audio and photographic evidence, written discovery responses, deposition testimony, medical and damages-related records, and witness testimony. Defendant may also rely on expert testimony and expert materials concerning police practices, use of force, crowd-control tactics, medical causation, damages, and related issues. Discovery and investigation remain ongoing, and Defendant reserves the right to rely on additional documents and evidence as they become known.

**(e)** **Damages**

Plaintiff claims general and special compensatory damages, according to proof at trial under federal and state law for her individual damages for the excessive force and Plaintiff's pain and suffering and other noneconomic damages, and medical expenses. Plaintiff also seeks punitive and exemplary damages against the individual Defendants only. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. § 1988, costs and interest incurred.

Defendant may pursue attorney's fees pursuant to statute.

**(f)** **Insurance**

Defendant City of Los Angeles is permissibly self-insured pursuant to statute.

**(g)** **Motions (Procedural)**

There are no pending motions. Following initial discovery, Plaintiff will file either a stipulation to name as defendants the individual officers who are believed to have liability in lieu of the current Doe Defendants, or a motion to amend if such stipulation cannot be reached. Plaintiff is hopeful that such amendment may be accomplished through stipulation. Because Plaintiff intends to amend her complaint to name these individual defendants, Plaintiff respectfully requests that the Court not dismiss fictitiously named defendants at the scheduling conference, and instead allow Plaintiff to conduct initial discovery prior to the Parties' proposed deadline to amend

pleadings or add parties. (*See* Dkt. 10 at 1-2.) Aside from this, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue.

Defendant does not necessarily agree with Plaintiff's characterization of anticipated amendment practice or the propriety of amendment, but acknowledges that Plaintiff has indicated an intent to seek amendment following initial discovery. Defendant further anticipates that motion practice may include motions for judgment on the pleadings, motions for summary judgment and/or partial summary judgment, discovery-related motions as necessary, motions concerning amendment of pleadings or substitution of parties, and motions in limine. Defendant reserves the right to bring such additional motions as may become appropriate based on the pleadings, discovery, expert disclosures, and other developments in the case.

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial, but are unable to identify the specific subjects of such motions at this early stage.

**(h)     Manual for Complex Litigation**

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

**(i)     Status of Discovery**

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties agree to exchange initial disclosures on or before May 29, 2026. As of the time of the drafting of this report, Defendant City has propounded initial written discovery requests and the Plaintiff anticipates propounding written discovery soon thereafter. Deposition dates have not yet been set.

**(j)     Discovery Plan**

The parties have discussed the anticipated discovery and propose a discovery schedule set forth in "Exhibit A" attached hereto. This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery

JOINT RULE 26(f) REPORT

needs.

Plaintiff anticipates serving written discovery regarding City records regarding the incident and taking the depositions of City personnel who were involved in the use of force against Plaintiff, and of the City's person(s) most knowledgeable about policies and training on the use of less-lethal launcher weapons by police. Plaintiff also plans to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiff anticipates serving written interrogatories, requests for admission, and requests for production of documents.

Defendant anticipates serving written discovery, including interrogatories, requests for admission, and requests for production of documents, concerning Plaintiff's allegations, claimed injuries and damages, medical history, treatment, causation, and other relevant issues. Defendant further anticipates taking the depositions of Plaintiff, percipient witnesses, treating providers, retained experts, and other non-party witnesses as appropriate. Defendant also anticipates conducting discovery regarding the incident, Plaintiff's alleged damages, and relevant policies, training, and operational issues.

Defendant further anticipates retaining experts concerning police practices, use of force, crowd-control tactics, medical causation, damages, and other relevant subjects, and may seek an independent medical examination of Plaintiff pursuant to the Federal Rules of Civil Procedure. Defendant reserves the right to conduct additional discovery as warranted by the allegations, discovery responses, expert disclosures, and other developments in the case.

The parties will also take the depositions of any experts or witnesses identified by the other.

Plaintiff does not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case. However, Plaintiff requests that Defendant be required, when producing any video recordings relevant to Plaintiff's claims, to do so without a visually obstructive watermark overlaid on the video footage, which

JOINT RULE 26(f) REPORT

in counsel's experience is common for the City of Los Angeles.

Plaintiff may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, if Plaintiff learns through discovery that there were more City personnel who were present during relevant events and may be material witnesses than Plaintiff would otherwise be able to depose.

Defendant responds that it does not join in Plaintiff's requests or characterizations concerning the form of production of video evidence or any anticipated need to exceed the presumptive deposition limits under the Federal Rules. Defendant does not presently anticipate issues regarding electronically stored information pursuant to Rule 26(f)(3)(C), but reserves all objections regarding the manner and conditions of production of video and electronically stored evidence, including body-worn video footage. Defendant further does not presently agree that good cause exists to exceed the deposition limits set forth in the Federal Rules of Civil Procedure and reserves the right to oppose any such request absent a particularized showing of necessity and proportionality based on the needs of the case.

**(k)    Discovery Cut-off**

The parties propose a Non-Expert Discovery Cut-Off of January 14, 2027, which is also as set forth in Exhibit A hereto.

**(l)    Expert Discovery**

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on January 15, 2027; Rebuttal Expert Disclosure on January 29, 2027; and Expert Discovery Cut-Off of February 12, 2027. These dates are also set forth in Exhibit A attached hereto.

**(m)    Dispositive Motions**

The parties have discussed potential motions and propose a deadline of March 24, 2027, to hear dispositive motions. This proposed date is also set forth in Exhibit A attached hereto.

JOINT RULE 26(f) REPORT

After a period of discovery, Plaintiff may bring a motion for summary judgment or adjudication on one or more claims as appropriate. If such a motion is brought, Plaintiffs will adhere to the Court's requirements for motions for summary judgment.

Defendant may bring a motion for summary judgment or adjudication on one or more claims as appropriate. If such a motion is brought, Defendant will adhere to the Court's requirements for motions for summary judgment.

Plaintiff requests that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers and that the moving party shall have two weeks to prepare and file their reply papers.

At this stage, Defendant defers to the Court's standing orders, Local Rules, and any scheduling requirements set by the Court regarding the briefing schedule for motions brought pursuant to Federal Rule of Civil Procedure 56.  If needed, the parties can confer regarding this issue at a more appropriate time.

**(n)    Settlement Conference / Alternative Dispute Resolution (ADR)**

a.    *Prior Discussions*

The parties have not had substantive settlement discussions. The parties are amenable to engaging in initial settlement discussions following a period of discovery.

b.    *ADR Selection*

The parties are agreeable to participating in ADR Procedure No. 2 (Panel Mediation). If mediation is unsuccessful, the parties are also amenable to participating in a Settlement Conference before a Magistrate Judge.

**(o)    Trial**

a.    *Proposed Trial Date*

The parties propose a trial start date of May 24, 2027. This date reflects the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or more parties;

JOINT RULE 26(f) REPORT

and lead trial counsel's current trial calendars for early 2027.

        b.    *Time Estimate*

The parties estimate the trial will take approximately three to five court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side.

        c.    *Jury or Court Trial*

The parties request a trial by jury.

        d.    *Witnesses*

Without discovery, Plaintiff cannot provide an exact number of witnesses she contemplates calling, but currently anticipates calling approximately 3-5 percipient witnesses, 1-3 damages witnesses, and 1-2 expert witnesses. These estimates may change based on what is learned during discovery. Defendant currently anticipates calling Plaintiff, involved Los Angeles Police Department officers, as well as police practices and medical experts.  However, the number of witnesses may change depending on how facts discovery unfolds.

**(p)**    **Trial Counsel**

Dale K. Galipo and Benjamin S. Levine will be trial counsel for Plaintiff. Sasha O. Lazarevich will be lead counsel for Defendant City of Los Angeles.  The City reserves the right to add additional counsels if necessary up and until the time of trial.

**(q)**    **Independent Expert or Master**

The parties agree that this case does not require an independent expert or master.

**(r)**    **Timetable**

The required Schedule of Pretrial and Trial Dates Worksheet is attached hereto as Exhibit A.

**(s)**    **Other Issues**

The parties stipulated to accept electronic service in this action and to treat

JOINT RULE 26(f) REPORT

such service in the same manner as service by mail for purposes of calculating response deadlines. The parties further agreed to include designated litigation assistants on all electronic service correspondence. The parties will seek entry of a stipulated protective order governing use of sensitive materials produced in discovery in this action.

Respectfully submitted,

Dated: May 20, 2026          LAW OFFICES OF DALE K. GALIPO

                             By __/s/ Benjamin S. Levine__
                                DALE K. GALIPO
                                BENJAMIN S. LEVINE[1]
                                *Attorneys for Plaintiff*

Dated: May 20, 2026          OFFICE OF THE LOS ANGELES CITY ATTORNEY

                             By /s/ *Sasha O. Lazarevich*
                                HYDEE FELDSTEIN SOTO
                                DENISE C. MILLS
                                KATHLEEN KENEALY
                                CHRISTIAN R. BOJORQUEZ
                                SASHA O. LAZAREVICH
                                *Attorneys for Defendant City of Los Angeles*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

JOINT RULE 26(f) REPORT